IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DELTA CAPITAL RESOURCES, LLC, }
}
    Plaintiff, }
} CIVIL ACTION NO.
v. } 08-AR-1701-S
}
GOLDBERG & ASSOCIATES, LLC, }
et al., }
}
    Defendants.

## MEMORANDUM OPINION AND ORDER

    Defendant, Steven D. Goldberg, appears to be a lawyer. He presumptively knows that pleadings must be filed with the Clerk and not mailed to the chambers of the judge. If he is a lawyer, he also knows that Goldberg & Associates, LLC, cannot appear *pro se*. These would have been reasons enough to place this case on the motion docket of January 16, 2009, but these are not the reasons the court placed it there. The reason for setting the case was that this court questions, as it always does, its subject-matter jurisdiction, a matter upon which the plaintiff has the burden.

    It appears from the complaint that both plaintiff, Delta Capital Resources, LLC, and defendant, Goldberg & Associates, LLC, are limited liability companies. *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F. 3d 1020 (11th Cir. 2004), makes clear that for purposes of diversity jurisdiction, a limited liability company is a citizen of any state in which a member-owner of the company is a citizen. This complaint makes no effort to allege

facts to demonstrate that no member-owner of Delta Capital Resources, LLC, and no member-owner of Goldberg & Associates, LLC, are citizens of the same state.

The court was premature in ordering plaintiff to take an entry of default against defendant. Default cannot be entered until plaintiff alleges facts that demonstrate jurisdiction in this court under 28 U.S.C. § 1332. Plaintiff shall do so **by 4:30 p.m., January 26, 2009,** or suffer a dismissal without prejudice.

DONE this 20th day of January, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE